IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JOSHUA F. SMITH,

        Petitioner,    :    Case No. 2:19-cv-2252

 - vs -    District Judge James L. Graham
    Magistrate Judge Michael R. Merz

BRANDESHAWN HARRIS, Warden,
  Trumbull Correctional Institution,

    :
        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Joshua Harris, is before the Court on Petitioner's Objections (ECF No. 24) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed (the "Report," ECF No. 17).

Under Fed.R.Civ.P. 72(b), a District Judge is to review *de novo* any portion of a Magistrate Judge's report and recommendations to which specific objection is made by a party. The Court has reviewed Petitioner's Objections *de novo* and rules on them herein.

**Ground One: Involuntary Guilty Plea**

In his First Ground for Relief, Petitioner asserts his guilty plea should be set aside because it was not voluntary in that it was induced by an unkept promise by the trial court and the prosecutor that his bond would be reduced to an amount he could afford.

The record shows Petitioner pleaded guilty on June 26, 2017 (Plea Tr., ECF No. 9-1, PageID

1

268, *et seq*.). During the plea colloquy, the trial judge acknowledged he had told Smith's lawyer that he would reinstate a bond that it was believed Smith could make. *Id.* at PageID 279. Later the same day, the judge lowered the bond in both cases (State Court Record, ECF No. 9, Exs. 11, 13, PageID 92, 95).

The Report analyzed Ground One as raising two claims, to wit, that the prosecutor had not kept his promise that the bond would be reduced and that the judge had also not kept his promise to reduce the bond. The Magistrate Judge recommended the first part of the claim be denied because the prosecution had not agreed to a reduced bond and in fact opposed it (Report, ECF No. 17, PageID 420-21). As to the second part, the Magistrate Judge recommended it be dismissed because it was never presented on appeal to the Tenth District Court of Appeals. *Id.* at PageID 421-24.

Petitioner objects to the Magistrate Judge's conclusion that the prosecutor did not agree to the bond reduction as part of the plea agreement (Objections, ECF No. 24, PageID 443). He says the prosecutor's agreement is shown by his silence during the plea proceeding. *Id.* The Magistrate Judge wrote

> In reducing bond at the time of the plea hearing, the court noted that it was over the objection of the prosecutor (Plea Tr., ECF No. 9-1, PageID 286.) The prosecutor outlined the terms of the plea agreement at some length and mentioned, *inter alia*, that there was a joint recommendation for a presentence investigation. He did not recite that he agreed to a reduction of bond and neither Petitioner nor his counsel did either.

(Report, ECF No. 17, PageID 420). The trial judge mentions an off-the-record objection by the prosecutor to bond reduction and Smith misconstrues this as meaning the judge raised the objection himself on behalf of the State. But during the plea hearing neither Smith nor his lawyer claimed the prosecutor had agreed to a bond reduction or that the judge himself was raising an objection. If the judge objected, why then did he go ahead and lower the bond? If a lower bond was a critical part of the plea deal, why didn't Smith or his lawyer make that claim when the judge revoked the

2

bond?  The Court agrees with the Magistrate Judge that Smith has not proved the prosecutor agreed to a reduced bond as part of the plea agreement.

The second part of Ground One is a claim that the trial judge induced the plea by promising to lower the bond.  The Magistrate Judge concluded this claim was procedurally defaulted because it was never properly presented to the court of appeals as an assignment of error, as the Tenth District itself held.  *State v. Smith*, 2018-Ohio-2271, ¶ 18.  The Report explains the procedural default doctrine and how it applies to this particular claim.

In his Objections, Smith attributed the Magistrate Judge's procedural default opinion to Smith's failure to appeal to the Supreme Court of Ohio (Objections, ECF No. 24, PageID 445).  That is not correct.  The Report concluded this Court did not need to reach the claims Smith made to excuse the aborted Supreme Court appeal (ECF No. 17, PageID 424).

Smith's Objections to the dismissal of Ground One are overruled.

**Ground Two: Ineffective Assistance of Trial Counsel: Failure to Review Evidence**

In his Second Ground for Relief, Smith alleges he received ineffective assistance of trial counsel when his attorney did not review the recordings or transcripts of recordings of his telephone calls from the Franklin County Jail which were alleged to have violated the conditions of his bond.  Smith had presented this claim on direct appeal.  The Tenth District, noting that there were over 200 hours of recordings, concluded it was not deficient performance for trial counsel to decline to listen to them all when he presented other mitigation evidence and when Smith, who had been a party to the calls, was in an excellent position to explain them or mitigate their content.  *Smith*, 2018-Ohio-2271, ¶¶ 21-27. The Magistrate Judge agreed (Report, ECF No. 17, PageID 427-28).

Smith objects, but his objection is largely that the State relied on the recordings to argue for bond revocation and did not give the disc to defense counsel for some time thereafter (Objections, ECF

No. 24, PageID 446-47).  Assuming the truth of those allegations, they do not prove trial counsel provided ineffective assistance in failing to listen to them.  Smith asserts generally that defense counsel violated his duty to "investigate and defend," but the Tenth District found there were several methods effectively to deal with this evidence.  Smith objects to the Tenth District's and Magistrate Judge's conclusion he could have responded himself by noting that Ohio law does not allow hybrid representation.  But neither the appellate court nor the Magistrate Judge is suggesting hybrid representation.  Smith had a right of allocution before sentence which he could have used to explain his own comments in the calls.

Petitioner's Objections as to Ground Two are overruled.

**Ground Three: Ineffective Assistance of Counsel: Failure to Correct the PSI**

In his Third Ground for Relief, Smith asserts he received ineffective assistance of trial counsel when his trial attorney failed to correct "inaccuracies and inconsistencies" in the presentence investigation report.  The Tenth District rejected this claim because Smith had not shown any inaccuracies in the PSI which counsel could have rebutted.  State v. *Smith*, 2018-Ohio-2271, ¶¶ 29-30. The Magistrate Judge agreed this was not an unreasonable application of the governing federal standard, *Strickland v. Washington,* 466 U.S. 668 (1984)(Report, ECF No. 17, PageID 429).

Because the PSI was not included in the state court record filed by Respondent, Smith asked to have the record expanded to include it and to have "additional briefing."  The Magistrate Judge denied this expansion, holding:

> This Court cannot consider evidence outside the direct appeal record to determine if statements made in the PSI are in error. *Cullen v. Pinholster*, 563 U.S. 170 (2011). To present such evidence, Smith would have had to file a petition for post-conviction relief under Ohio Revised Code § 2953.21 which he has not done and the deadline for doing so has expired.

4

(Report, ECF No. 17, PageID 429).  Smith objects "[t]he omission is egregious, as the PSI was deemed so important to this issue on direct appeal that appellate counsel filed a motion to include it in the record on appeal."  (Objections, ECF No. 24, PageID 450).

The Magistrate Judge's explanation requires expansion.  It is clear from the record that the PSI was before the Court of Appeals and that court considered it.  Thus, the record here could be expanded to include the PSI without violating the rule in *Pinholster*.  However, by itself the PSI would not support Smith's claim that it contains inaccuracies.  That would require presenting evidence outside the appellate record: that court expressly found the facts in the PSI were not rebutted.  Because of *Pinholster*, this Court could not receive additional evidence to rebut what was in the PSI.  Hence it was no omission to fail to expand the record to include the PSI when it could not be expanded further to include any rebuttal.

Smith also objects "[t]he Magistrate also failed to address the issue of cumulative error based on the issues in Objections Two & Three."  (Objections, ECF No. 24, PageID 451).  However, post-AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief. *Hoffner v. Bradshaw*, 622 F.3d 487, 513 (6th Cir. 2010) (quoting *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005)), *Moreland v. Bradshaw*, 699 F.3d 908, 931 (6th Cir. 2012), *cert. denied sub nom. Moreland v. Robinson*, 134 S. Ct. 110 (2013).  See also *Ahmed v. Houk*, 2014 U.S. Dist. LEXIS 81971, *332 (S.D. Ohio 2014).

**Objection No. 4: Petitioner objects to the Magistrate's recommendation to deny a Certificate of Appealability.**

Smith objects to the Magistrate Judge's recommendation that the Court deny a certificate of appealability because, he says, he has presented the Court "with cognizable claims showing violations of his constitutional rights."  (Objections, ECF No. 24, PageID 453).  The Magistrate

5

Judge did not find Smith's claim were not cognizable, but rather that they were without merit.

To obtain a certificate of appealability, a petitioner must show at least that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or that they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017).

The Sixth Circuit has recently clarified the standard for issuance of a certificate of service:

> In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect. Crucially, in applying this standard, a court must consider not only the merits of the underlying constitutional claim but also any procedural barriers to relief. *Buck v. Davis,* 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017); *Slack [v. McDaniel]*, 529 U.S. at 484-85; see also *Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017). To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable.

*Moody v. United States*, 958 F.3d 485 (6th Cir. 2020).

> [T]he standards for a certificate are no mere technicality. Quite the contrary. By authorizing extra appeals, improper certificates add to the "profound societal costs" of habeas litigation while sapping limited public resources. *Calderon v. Thompson,* 523 U.S. 538, 554, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998) (quoting *Smith v. Murray*, 477 U.S. 527, 539, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)). For one, they divert our time and attention from the cases Congress actually meant us to hear, often leading us to appoint counsel and schedule argument in cases that we later find to be insubstantial. For another, they require state and federal government attorneys to devote their time and attention to defending appeals that should never have existed. Plus, they may even harm those habeas petitioners whose claims really do merit an appeal because it could "prejudice the occasional meritorious [claim] to be buried in a flood of worthless ones." *Brown v. Allen*, 344 U.S. 443, 537, 73 S. Ct. 397, 97 L. Ed. 469 (1953) (Jackson, J., concurring). In short, it's critical that courts follow the rules Congress set.

6

*Id.* Considered under this standard, Smith is not entitled to a certificate of appealability. In particular, he does not cite any cases in which other judges have disagreed with the results recommended in the Report.

**Conclusion**

Having considered the Report *de novo* in light of the Objections, the Court overrules them and adopts the Report. The Petition herein is dismissed with prejudice and the Clerk will enter judgment to that effect. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 4, 2020.

                                                                s/James L. Graham
                                                                James L. Graham
                                                                 United States District Judge