# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSHUA F. SMITH,

        Petitioner,    :    Case No. 2:19-cv-2252

  - vs -                      District Judge James L. Graham
                                Magistrate Judge Michael R. Merz

BRANDESHAWN HARRIS, Warden,
  Trumbull Correctional Institution,

                                      :

        Respondent.

## ORDER GRANTING EXTENSION OF TIME TO APPEAL

This habeas corpus case is before the Court on remand from the Sixth Circuit Court of Appeals (Remand Order, ECF No. 31) which orders this Court to treat Petitioner's Motion for Extension of Time to File an Application for Certificate of Appealability (ECF No. 27) as an application for an extension of time to appeal. *Smith v. Eppinger*, Case No. 21-3366 (Order of Judge Nalbandian, May 4, 2021(copy at ECF No. 31).

This Court entered final judgment dismissing the habeas corpus petition on November 4, 2020 (ECF No. 26). Judgment was entered pursuant to the Order (ECF No. 25) of District Judge Graham adopting the Report and Recommendations of the undersigned (ECF No. 17). In the Order, Judge Graham concluded that "[b]ecause reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability . . . ." (ECF No. 25, PageID 462).

On November 24, 2020, Petitioner signed and deposited in the prison mail system a Motion for Extension of Time to File Petitioner's Application for Certificate of Appealability (ECF No.

1

27, PageID 466). Although Petitioner addressed the envelope to the Clerk of this Court in Columbus, Ohio, somehow the envelope was delivered to the Supreme Court of Ohio which then forwarded the Application to this Court where it was received and docketed December 9, 2020 (See PageID 467-68).

On December 10, 2020, the undersigned found the Application to be moot because a certificate of appealability had already been denied in Judge Graham's Order (Notation Order, ECF No. 28). In doing so, the undersigned advised Petitioner that, since Judge Graham had denied a certificate, he would have to seek one from the Sixth Circuit. *Id.* When Petitioner did so, the Sixth Circuit treated his Application as a Notice of Appeal and directed this Court to file it as such, which the Clerk did (ECF No. 29).

The Remand Order directs this Court to read Petitioner's Motion for Extension of Time to file for a certificate of appealability as a motion for extension of time to file a notice of appeal because it "effectively reads as a motion for extension of time to file an appeal and will be treated as such." (Remand Order, ECF No. 31, at PageID 497, quoting *Young v. Kenny*, 949 F.3d 995, 997 (6th Cir. 2020)).

The Remand Order notes that "[b]oth 28 U.S.C. § 2107(c) and Federal Rule of Appellate Procedure 4(a) provide for the possibility of an extension of time to file a notice of appeal where the party seeking such an extension files a motion in the district court asking for more time." *Id.* at PageID 496.

28 U.S.C. § 2107(c) allows a District Court to extend the time for appeal upon a showing of good cause or excusable neglect, so long as the motion is filed within thirty days "after expiration of the time otherwise set for bringing appeal." The instant motion is timely under this provision because it was effectively filed November 24, 2020, the date Smith deposited it in the prison mail system (See ECF No. 27, PageID 466).

2

As cause for the extension, Smith cites conditions at his place of imprisonment caused by the COVID-19 pandemic:

> The extension of time is being sought out of extreme necessity and not for any dilatory purpose. Petitioner has no reason to delay the proceedings. The extension is sought due to the current conditions in the institution where he is being held. With the current COVID-19 pandemic, lockdown and separation procedures have been implemented. All access to legal materials and filings had been completely eliminated for many months, and have only recently been restarted on a very limited basis. The access to legal materials has been reduced in both time and number of sessions. [footnote omitted] It is difficult to fully explain the negative conditions related to the pandemic in the institution.
>
> Additionally, many staff and officers have been taken ill, have resigned in large numbers due to working conditions that require eighty-hour work-weeks at times, and many officers have opted for retirement. The library has been shut down repeatedly due to severity of staff shortages. Inmates are regularly quarantined by block when a positive case has been confirmed, with no means to access legal materials. footnote omitted] There is no indication that the circumstances will improve in the near future, as COVID-19 cases continue to rise in the State of Ohio and the institution.

Petitioner also relies on his *pro se* status as good cause:

> The extension is also required due to Petitioner's unfamiliarity with the law as a pro se litigant. Further difficulties may be present that regularly occur-and may arise spontaneously due to security, equipment and staffing issues.

(ECF No. 27, PageID 464-65).

The Court accepts as good cause the restrictions imposed as a result of the pandemic. Although conditions in Ohio's prisons have improved since then, the situation in November 2020 was dire and prison authorities were understandably cautious in permitting inmate movement. On the other hand, the Court does not accept *pro se* status as good cause. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004).

**Conclusion**

Based on the foregoing analysis, Petitioner is GRANTED an extension of time to file his notice of appeal to and including the date the Clerk filed his Application for Certificate of Appealability, construed as a notice of appeal on order of the circuit court, to wit, April 7, 2021.

The Clerk is directed to certify a copy of this Order to the Clerk of the Sixth Circuit for filing in that court's Case Number 21-3366.

May 5, 2021.

s/ *Michael R. Merz*<br>
United States Magistrate Judge